**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STANLEY JARKA,<br>CRYSTAL JARKA, H/W,<br>SHINA DESHONG and<br>LAUREN DUNHAM,<br><br>   Plaintiffs,<br><br>   v.<br><br>WILLIAM HOLLAND A/K/A WILLIAM<br>MAURICE HOLLAND, JR. and<br>D.M. BOWMAN, INC.,<br><br>   Defendants. | Case No. 3:13-CV-01912-BRM-TJB<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Defendants William Holland a/k/a William Maurice Holland, Jr. ("Holland") and D.M. Bowman, Inc.'s ("Bowman") (together, "Defendants") Motion for Partial Summary Judgment pursuant to Federal Rule of Civil Procedure 56(a). (ECF No. 92.) Plaintiffs Stanley Jarka, Crystal Jarka, Shina DeShong, and Lauren Dunham ("Plaintiffs") oppose the Motion. (ECF No. 95.) Having reviewed the parties' submissions filed in connection with the motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause shown, Defendants' Motion for Partial Summary Judgment is **GRANTED in part** and **DENIED in part**.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**[1]

This personal injury lawsuit arises from the collision of a tractor trailer and a New Jersey Transit ("NJT") train that occurred on the evening of November 12, 2020, at approximately 7:15 p.m. (the "Accident"). (Ds.' Proposed Material Facts Not in Dispute in Supp. of its Mot. for Summ. J. (ECF No. 92-3) ¶ 12; Pl.'s Resp. to Ds.' Proposed Undisputed Facts (ECF No. 96) ¶ 12.) All of the Plaintiffs were NJT employees and were on the train at the time of the Accident, with the exception of Crystal Jarka, the spouse of Stanley Jarka. (Compl. (ECF No. 67) ¶ 12.) Holland was operating a Volvo tractor trailer, which Bowman owned, in the scope of his employment as an agent of Bowman. (*See* ECF No. 92-3 ¶¶ 13–14; ECF No. 96 ¶¶ 13–14.) Holland was lost in a residential neighborhood on his way to making a delivery. (ECF No. 92-3 ¶¶ 13–15; ECF No. 96 ¶¶ 13–15.) Holland asked a pedestrian for directions, and the pedestrian told him to go to the end of the street and make a right. (*See* ECF No. 92-3 ¶¶ 18–22; ECF No. 96 ¶¶ 18–22.) Holland followed the pedestrian's directions and made a right turn at an intersection, and his tires became stuck on the railroad tracks. (ECF No. 92-3 ¶¶ 22–23; ECF No. 96 ¶¶ 22–23.) A person who was stopped at the crossing called the police to tell them Holland's tractor trailer was stuck on the tracks, and the dispatcher at the Somerset County Communication Center confirmed that a passerby called 911 to report a tractor trailer on the tracks. (ECF No. 92-3 ¶¶ 24–26; ECF No. 96 ¶¶ 24–26.) Plaintiffs contend although the tractor trailer was lodged on the tracks for approximately 14 minutes, Holland did not contact Bowman or NJT to inform them the tractor tailor was stuck on the tracks, nor did Holland employ the inter axle differential lock technique that would have

---

[1] The underlying facts are set forth at length in this Court's August 30, 2018 Opinion. *See Jarka v. Holland*, No. 3:13-cv-01912-BRM-TJB, 2018 WL 4144688, at *1 (D.N.J. Aug. 30, 2018). In the interest of judicial economy, the Court refers the parties to that opinion for a full recitation of the factual background of this dispute, as well as its procedural history.

provided the traction the tractor trailer needed to extricate itself from the train tracks. (ECF No. 67 at 4.) Before the Accident, there were no defects with the tractor trailer and its gears and brakes were working properly. (ECF No. 92-3 ¶¶ 29–30; ECF No. 96 ¶¶ 29–30.) The train collided with the tractor trailer, which Plaintiffs alleged caused them to suffer serious and permanent injury. (ECF No. 67 ¶ 14.) Plaintiffs allege Bowman failed to properly train and instruct Holland on how to operate tractor trailers before permitting him to drive tractor trailers on public roadways. (*Id.* at 4–6.) Plaintiffs also contend Bowman failed to include in its training and instructions materials information concerning how to properly drive near railroad tracks and respond to emergency situations. (*Id.*)

Plaintiffs filed a complaint on March 26, 2013 (ECF No. 1) (the "Original Complaint") and subsequently filed an Amended Complaint on May 1, 2019 (the "Amended Complaint"). (ECF No. 67.) On March 25, 2020, Defendants filed a motion for partial summary judgment. (ECF No. 92.)

## II. LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute is genuine only if there is "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party," and it is material only if it has the ability to "affect the outcome of the suit under governing law." *Kaucher v. Cty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. *Anderson*, 477 U.S. at 248. "In considering a motion for summary judgment, a district

court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255)); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, (1986); *Curley v. Klem*, 298 F.3d 271, 276–77 (3d Cir. 2002).

The party moving for summary judgment has the initial burden of showing the basis for its motion. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "If the moving party will bear the burden of persuasion at trial, that party must support its motion with credible evidence . . . that would entitle it to a directed verdict if not controverted at trial." *Id.* at 331. On the other hand, if the burden of persuasion at trial would be on the nonmoving party, the party moving for summary judgment may satisfy Rule 56's burden of production by either (1) "submit[ting] affirmative evidence that negates an essential element of the nonmoving party's claim" or (2) demonstrating "that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Id.* Once the movant adequately supports its motion pursuant to Rule 56(c), the burden shifts to the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324; *see also Matsushita*, 475 U.S. at 586; *Ridgewood Bd. of Ed. v. Stokley*, 172 F.3d 238, 252 (3d Cir. 1999). In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. Credibility determinations are the province of the factfinder. *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992).

There can be "no genuine issue as to any material fact," however, if a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322–23. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323; *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992).

### III. DECISION

Defendants argue they are entitled to partial summary judgment as to (1) any claims of direct corporate liability against Bowman or assertion of punitive damages against Defendants as they are barred by the statute of limitations and will not be saved by the "relation back" rule of the Federal Rules of Civil Procedure; and (2) any claims of punitive damages against Defendants because the facts of the case do not warrant punitive damages. (ECF No. 92-1 at 5–9.) Plaintiffs contend Defendants' motion should be denied because any theories of liability raised against Bowman or assertion of punitive damages raised against Defendants relate back to the Original Complaint and are therefore deemed within the statute of limitations. (ECF No. 97 at 27.) Additionally, Plaintiffs argue the facts of the case present a legitimate jury question on the issue of punitive damages. (*Id.* at 28–29.)

#### A. Corporate Liability

Defendants have moved for summary judgment on Plaintiffs' claims of corporate liability against Bowman because these are new theories presented after the statute of limitations had run, and should, therefore, be dismissed. (ECF No. 92-1 at 6–7.) Plaintiffs contend claims of corporate liability are not new theories and fall within the statute of limitations pursuant to the Federal Rule

5

of Civil Procedure 15(c)'s "relation back" rule.[2] (ECF No. 97 at 16–17.) The Court finds claims of corporate liability "relate back" to the Original Complaint.

Federal rules allow "[a]n amendment to a pleading [to] relate[] back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading[.]" Fed. R. Civ. P. 15(c). "Where an amendment relates back, Rule 15(c) allows a plaintiff to sidestep an otherwise-applicable statute of limitations, thereby permitting resolution of a claim on the merits, as opposed to a technicality." *Glover v. F.D.I.C.*, 698 F.3d 139, 145 (3d Cir. 2012). "[A]pplication of Rule 15(c)(1)(B) normally entails a search for a common core of operative facts in the two pleadings." *Id.* (citation and quotation marks omitted). "[O]nly where the opposing party is given fair notice of the general fact situation and the legal theory upon which the amending party proceeds will relation back be allowed." *Id.* Here, all of the pleadings rely on the same set of events and facts—Holland's operation of the tractor trailer, subsequent fouling of train tracks leading to

---

[2] Federal Rule of Civil Procedure 15(c) states:

> Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

*See Longo v. Pennsylvania Elec. Co.*, 618 F. Supp. 87, 90 (W.D. Pa. 1985), *aff'd,* 856 F.2d 183 (3d Cir. 1988), and *aff'd sub nom. Appeal of Pennsylvania Elec. Co.*, 856 F.2d 184 (3d Cir. 1988).

the Accident, and the resulting injuries sustained by Plaintiffs. (*See* ECF Nos. 1, 67.) Indeed, the gravamen of the Amended Complaint remains the same. *See Esnouf v. Matty*, 635 F. Supp. 211, 213 (E.D. Pa. 1986). Here, Plaintiffs' amendments simply seek to clarify claims of corporate liability. It cannot be reasonably argued Bowman did not have fair notice of possible claims against it. Therefore, the Court finds Plaintiffs' claims of corporate liability against Bowman relate back to the Original Complaint under Rule 15(c) and, therefore, are not time-barred. *See Gibbs v. Univ. Corr. Healthcare*, No. CV147138-MAS-LHG, 2016 WL 6595916, at *4–5 (D.N.J. Nov. 7, 2016).

### B. Punitive Damages

Defendants have moved for summary judgment on Plaintiffs' claim seeking punitive damages, arguing (1) punitive damages are barred by the statute of limitations; and (2) the facts of the case do not give rise to the award of punitive damages. (ECF No. 92-1 at 7–9.) Plaintiffs contend its claims for punitive damages relate back to the Original Complaint and the facts viewed in the light most favorable to Plaintiffs support an award of punitive damages. (ECF No. 97 at 24–28.)

#### 1. Statute of Limitations

Because this Court has determined Plaintiffs' claims of direct liability against Bowman "relate back" to the Original Complaint, the Court finds the punitive damages claim which is predicated on same is also not barred by the statute of limitations. *See Halpin v. Gibson*, No. CIV. 05-2088 (RMB), 2009 WL 3271590, at *9 (D.N.J. Oct. 9, 2009) (providing that punitive damages require a predicate cause of action); *Normand v. Goodyear Tire & Rubber Co.*, No. CIV.A. 05-1880 (JAP), 2005 WL 1657032, at *7 (D.N.J. July 13, 2005).

## 2. Punitive Damages Act

Defendants assert the facts of the case do not give rise to an award of punitive damages as Plaintiffs fail to prove by "clear and convincing evidence" the harm suffered by Plaintiffs was the result of Defendants' malicious conduct or wanton and willful disregard of Plaintiffs' rights. (ECF No. 92-1 at 16.) Plaintiffs argue a reasonable jury can and should conclude Defendants' conduct was outrageous and rises to New Jersey's definition of punitive damages. (ECF No. 97 at 34–35.) The Court does not agree.

Under New Jersey's Punitive Damages Act,

> [p]unitive damages may be awarded to the plaintiff only if the plaintiff proves, by clear and convincing evidence, that the harm suffered was the result of the defendant's acts or omissions, and such acts or omissions were actuated by actual malice *or* accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by those acts or omissions.

N.J. Stat. Ann. § 2A:15–5.12 (emphasis added). "Actual malice" is defined under the Punitive Damages Act as, "intentional wrongdoing in the sense of an evil-minded act." N.J. Stat. Ann. 2A:15-5.10. *See Mendez v. United States*, No. CV 14-7778 (NLH/KMW), 2017 WL 477693, at *4 (D.N.J. Feb. 6, 2017). "Wanton and willful disregard" means "a deliberate act or omission with knowledge of a high degree of probability of harm to another and reckless indifference to the consequences of such act or omission." N.J. Stat. Ann. 2A:15-5.10; *Smith v. Whitaker*, 734 A.2d 243 (N.J. 1999). This statute provides that even gross negligence will not suffice to make punitive damages available. *Breeman v. Everingham (In re Paulsboro Derailment Cases)*, 704 F. App'x 78, 87 (3d Cir. 2017).

A court should therefore award punitive damages "only where the evidence shows that the defendant knows or has reason to know of facts that create a high risk of physical harm to another and deliberately proceeds to act in conscious disregard or, or indifference to, that risk." *Sipler v.*

8

*Trans Am Trucking, Inc.*, 2010 WL 492393, at *3 (D.N.J. Nov. 30, 2010) (citing *Burke v. Massen*, 904 F.2d 178, 181 (3d Cir. 1990)). It is "not enough to show that a reasonable person in the defendant's position would have realized or appreciated the high degree of risk from his actions." *Id.* Rather, "there must be some evidence that the defendant *actually realized* the risk and acted in conscious disregard or difference to it." *Id.* (emphasis added).

Nothing in the evidence produced by Plaintiffs suggests Defendants acted with "actual malice." Plaintiffs did not provide evidence of intentional wrongdoing, nor did they show Defendants were evil-minded. Plaintiffs produced no evidence Defendants acted with "wanton and willful disregard" toward Plaintiffs. There is no evidence of Defendants deliberately acting or failing to act while knowingly risking harm to another. Indeed, nothing in the record intimates Defendants acted with reckless indifference to the consequences of their actions to Plaintiffs. *See Spitko v. Harrah's Atl. City Operating Co. LLC*, No. CV 16-0489 (JBS-KMW), 2019 WL 1399549, at *7 (D.N.J. Mar. 28, 2019); *Henry v. St. Croix Alumina, LLC*, 527 F. App'x 114, 120 (3d Cir. 2014).

The evidence provides Holland was making a delivery but got lost in the neighborhood before reaching his destination. (ECF No. 95-2, Dep. Tr. W. Holland, 37:1–6.) He asked a pedestrian in the neighborhood where to go and was told to "go to the end of the street and make a right. [Holland] asked him if [the] truck would be able to get through and make the turn. [The pedestrian] said yes." (*Id.* at 116:23–117:2.) Holland followed the directions of the local pedestrian and his tires got stuck on the railroad tracks. (*Id.* at 117:12–14.) A neighborhood patron who observed the tractor trailer lodged on the tracks called 911. (*Id.* at 27:11–14.) According to the investigating police officer of the Accident, it was not uncommon for tractor trailers to travel in that area: "Yes, we have it all the time." (ECF No. 92-4, Dep. Tr. S. Jepsen, 8:1–3.) The officer

9

also stated, "we're very familiar with the area because we have so many of these complaints of tractor trailers trying to go on this road and make that turn." (*Id.* at 26:11–15.) Additionally, the Court is not convinced of Plaintiffs' claims that Bowman should have provided Holland with better training and instructions rise to the level of willful or wanton conduct.[3] Punitive damages are not to be assessed lightly. Even assuming the truth of Plaintiffs' evidence, Plaintiffs have made no showing from which a reasonable jury could find that Defendants acted with actual malice or wanton and willful disregard. *DeGennaro v. Rally Mfg. Inc.*, No. CIV.A. 09-443 PGS, 2011 WL 5248153, at *7 (D.N.J. Nov. 2, 2011); *see Henry*, 527 F. App'x at 120 (affirming dismissal of punitive damages particularly where much of the "evidence" cited by appellants "involves the failure of Appellees to take further, unspecified action to protect the local residents," because "vague allegations of Appellants, in short, do not rise to the level of 'evil motive or [ ] reckless indifference' necessary to recover punitive damages"). At most, Plaintiffs may have alleged negligence by the Defendants, but not wanton and willful disregard of the likelihood of resulting serious harm. Plaintiffs are therefore not entitled to recover punitive damages.

Accordingly, Defendants' motion for summary judgment on Plaintiffs' claim for punitive damages is granted.

---

[3] The record indicates Holland was trained by a Beulah Crist who had been driving trucks since 1998 and attended a truck driving training school (ECF No. 95-4, Dep Tr. B. Crist, at 8–9); Crist worked at Bowman for eight months before she started training other drivers including Holland (*id.* at 12–13, 24); following "graduation" from the Bowman training program, which was approximately six weeks long and included driving first with a "trainer" before being permitted to drive alone, Holland was allowed to drive trucks on open roads (*id.* at 60; ECF No. 92-5, Dep. Tr. W. Holland, 57:2–6); Holland had been driving the tractor trailer for a little more than two weeks before the accident (ECF No. 95-3, Dep. Tr. B. Wertz, 74:23–75:2); and following the accident Holland was issued several ticket citations and fired almost immediately. (ECF No. 95-2, Dep. Tr. W. Holland, 117–120.)

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motion for Summary Judgment is **DENIED** as to the corporate liability claims and **GRANTED** as to Defendants' Motion for Summary Judgment concerning punitive damages. An appropriate Order follows.

*/s/ Brian R. Martinotti*
**BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated: November 16, 2020