<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| STANLEY JARKA, CRYSTAL JARKA, H/W, SHINA DESHONG and LAUREN DUNHAM<br>Plaintiffs,<br><br>v.<br><br>WILLIAM HOLLAND A/K/A WILLIAM MAURICE HOLLAND, JR. and D.M. BOWMAN, INC.,<br><br>Defendants. | Case No. 3:13-cv-01912 (BRM) (TJB)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Plaintiffs Stanley Jarka, Crystal Jarka, Shina DeShong, and Lauren Dunham's ("Plaintiffs") Motion for Partial Reconsideration of the Court's November 16, 2020, Opinion and Order (ECF Nos. 99 and 100) granting summary judgment on the issue of punitive damages. (ECF No. 103.) Defendants William Holland a/k/a William Maurice Holland, Jr. ("Holland") and D.M. Bowman, Inc.'s ("Bowman") (together, "Defendants") oppose the Motion. (ECF No. 104.) Having reviewed the parties' submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause shown, Plaintiffs' Motion for Partial Reconsideration is **DENIED**.

I.    **BACKGROUND**[1]

The underlying facts are set forth at length in the Court's November 16, 2020 Opinion (ECF No. 99), from which Plaintiffs seek reconsideration. In the interest of judicial economy, the Court refers the parties to that Opinion for a full recitation of the factual and procedural background of this dispute.

Briefly, this personal injury lawsuit arises from the collision of a tractor trailer and a New Jersey Transit ("NJT") train that occurred on the evening of November 12, 2012, at approximately 7:15 p.m. All of the Plaintiffs were NJT employees and were on the train at the time of the collision, with the exception of Crystal Jarka, the spouse of Stanley Jarka. Holland was operating a Volvo tractor trailer, which Bowman owned, in the scope of his employment as an agent of Bowman. Holland was lost in a residential neighborhood on his way to making a delivery and asked a local pedestrian for directions. Holland followed the pedestrian's directions and made a right turn at an intersection, and his tires became lodged on railroad tracks for approximately 14 minutes. Holland did not contact Bowman or NJT to inform them the tractor tailor was stuck on the tracks, nor did Holland employ the inter axle differential lock technique that would have caused the tractor trailer to extricate itself from the tracks. The train collided with the tractor trailer, which Plaintiffs alleged caused them to suffer serious and permanent injury. Plaintiffs filed a complaint on March 26, 2013 (ECF No. 1) and subsequently filed an Amended Complaint on May 1, 2019 (the "Amended Complaint") pursuant to Court approval (ECF No. 67). On March 25, 2020, Defendants filed a motion for partial summary judgment as to any claims of direct corporate liability against Bowman

---

[1] Under Local Civil Rule 7.1(i), motions for reconsideration are required to be filed within fourteen (14) days after entry of the order or judgment. *Gaines v. Busnardo*, Civ. A. No. 13-6566, 2015 WL 5771233, at *6 (D.N.J. Sept. 30, 2015). Here, the Court granted Plaintiffs' timely request for an extension of time to file the Motion. (*See* ECF Nos. 101 and 103.)

and any claim of punitive damages against Defendants. (ECF No. 92.) On May 4, 2020, Plaintiffs opposed (ECF No. 97), and on May 11, 2020, Defendants filed a reply. (ECF No. 98). On November 16, 2020, the Court denied Defendants' motion for summary judgment as to the corporate liability claims and granted summary judgment as to any claim of punitive damages against Defendants. (ECF No. 100.) On December 3, 2020, Plaintiffs filed a Motion for Partial Reconsideration on punitive damages. (ECF No. 103.) On December 10, 2020, Defendants filed an opposition. (ECF No. 104.)

## II.   LEGAL STANDARD

While not expressly authorized by the Federal Rules of Civil Procedure, motions for reconsideration are proper pursuant to this District's Local Civil Rule 7.1(i) if there are "matters or controlling decisions which counsel believes the Judge . . . has overlooked." L. Civ. R. 7.1(i); *Dunn v. Reed Grp., Inc.*, Civ. A. No. 08-1632, 2010 WL 174861, at *1 (D.N.J. Jan. 13, 2010). The comments to that Rule make clear, however, that "reconsideration is an extraordinary remedy that is granted 'very sparingly.'" L. Civ. R. 7.1(i) cmt. 6(d) (quoting *Brackett v. Ashcroft*, Civ. A. No. 03-3988, 2003 WL 22303078, *2 (D.N.J. Oct. 7, 2003)). In that regard, the Third Circuit has held the scope of a motion for reconsideration is "extremely limited." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011); *see Langan Eng'g & Envtl. Servs., Inc. v. Greenwich Ins. Co.*, Civ. A. No. 07-2983, 2008 WL 4330048, at *1 (D.N.J. Sept. 17, 2008) (explaining that a motion for reconsideration under Rule 7.1(i) is "'an extremely limited procedural vehicle,' and requests pursuant to th[is] rule[ ] are to be granted 'sparingly'") (citation omitted); *Fellenz v. Lombard Inv. Corp.*, 400 F. Supp. 2d 681, 683 (D.N.J. 2005).

"Such motions are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence."

*Rowe v. Superintendent Albion SCI*, Civ. A. No. 19-1744, 2019 WL 11790187, at *1 (3d Cir. Sept. 9, 2019), *cert. denied sub nom. Rowe v. Clark*, 140 S. Ct. 1143 (2020). Accordingly, an order or judgment may only be altered or amended if the party seeking reconsideration shows at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *United States ex rel. Schumann v. AstraZeneca Pharms. L.P.*, 769 F.3d 837, 848–49 (3d Cir. 2014). The Third Circuit has defined "new evidence" for purposes of a motion for reconsideration:

> [N]ew evidence, for reconsideration purposes, does not refer to evidence that a party submits to the court after an adverse ruling. Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available. Evidence that is not newly discovered, as so defined, cannot provide the basis for a successful motion for reconsideration.

*Blystone*, 664 F.3d at 415–16 (citations omitted).

Additionally, a court commits clear error of law "only if the record cannot support findings that led to the ruling." *ABS Brokerage Servs., LLC v. Penson Fin. Servs., Inc.*, Civ. A. No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (citing *United States v. Grape*, 549 F.3d at 591, 603–04 (3d Cir. 2008)). "Thus, a party must . . . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.* (citing *United States v. Grape*, 549 F.3d 591, 603–04 (3d Cir. 2008)).

In short, "[m]ere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs.*, 2010 WL 3257992, at *6 (quoting *P. Shoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001)); *see also United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("Mere disagreement with a court's decision normally

should be raised through the appellate process and is inappropriate on a motion for [reconsideration].”); *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.* 680 F. Supp. 159, 163 (D.N.J. 1988); *Schiano v. MBNA Corp.*, Civ. A. No. 05-1771, 2006 WL 3831225, at *2 (D.N.J. Dec. 28, 2006) (“Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, . . . and should be dealt with through the normal appellate process . . . .”) (citations omitted).

## III.  DECISION

Plaintiffs move for reconsideration, arguing the Court failed to view the evidence in the light most favorable to Plaintiffs, the non-moving party, and such failure resulted in the Court rendering “a mistaken opinion and inappropriate order,” which granted Defendants’ motion for summary judgment on punitive damages. (ECF No. 103-1 at 8.) According to Plaintiffs, “a jury could easily conclude [Defendants’] conduct warrants the award of punitive damage.” (*Id.* at 11.)

The Court’s November 16, 2020 Opinion clearly identified and applied the proper legal standard for a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(a). (*See* ECF No. 99 at 3–4 (providing standard for summary judgment and stating, in relevant part, “[a] factual dispute is genuine only if there is ‘a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party,’” and “the non-moving party’s evidence ‘is to be believed and all justifiable inferences are to be drawn in his favor’”).)

Initially, Plaintiffs do not identify any intervening change in the relevant law or new evidence that was unavailable at the time this Court entered its decision. Consequently, Plaintiffs’ Motion rests solely on the contention that this Court’s decision contains an error of fact or law that, if left uncorrected, would result in some manifest injustice. (*See* ECF No. 103-1 at 1 (arguing that the Court “did not take the evidence in the light most favorable to the plaintiffs, the non-

moving parties, and that this failure resulted in the Court[] rendering a mistaken opinion and an inappropriate order," that incorrectly "dismissed plaintiffs' claims for punitive damages").

The Court finds Plaintiffs disagree with the Court's decision and are essentially asking the Court to rethink what it has already thought through. *Parker v. Fulton*, Civ. A. No. 198926, 2020 WL 5096990, at *2 (D.N.J. Aug. 28, 2020) (citing *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002)). As the Court stated in its prior Opinion, on a motion for summary judgment, the non-moving party's evidence "is to be believed and all justifiable inferences are to be drawn in his favor." (ECF No. 99 at 3–4.) After applying this standard, as it must, the Court concluded "[n]othing in the evidence produced by Plaintiffs suggests Defendants acted with 'actual malice.'" (*Id.* at 9.)[2] Indeed, after review of the summary judgment record, the Court found:

> Plaintiffs did not provide evidence of intentional wrongdoing, nor did they show Defendants were evil-minded. Plaintiffs produced no evidence Defendants acted with "wanton and willful disregard" toward Plaintiffs. There is no evidence of Defendants deliberately acting or failing to act while knowingly risking harm to another. Indeed, nothing in the record intimates Defendants acted with reckless indifference to the consequences of their actions to Plaintiffs. *See Spitko v. Harrah's Atl. City Operating Co. LLC*, No. CV 16-0489 (JBS-KMW), 2019 WL 1399549, at *7 (D.N.J. Mar. 28, 2019); *Henry v. St. Croix Alumina, LLC*, 527 F. App'x 114, 120 (3d Cir. 2014).

(*Id.*) Quite simply, the Court held, considering the evidence in a light most favorable to the plaintiff, "Plaintiffs [] made no showing from which a reasonable jury could find that Defendants acted with actual malice or wanton and willful disregard." (*Id.* at 10.) Indeed, "[a]t most, Plaintiffs

---

[2] In evaluating a motion for summary judgment, the Court must view the material facts in the light most favorable to the non-moving party and make every reasonable inference in that party's favor. *Webster v. Dollar Gen., Inc.*, 197 F. Supp. 3d 692, 702 (D.N.J. 2016).

may have alleged negligence by the Defendants, but not wanton and willful disregard of the likelihood of resulting serious harm. Plaintiffs are therefore not entitled to recover punitive damages." (*Id.*)

Here, Plaintiffs have merely expressed disagreement with the Court's conclusions. It is not proper to use a motion for reconsideration "to ask the court to rethink what it had already thought through—rightly or wrongly." *Oritani S & L v. Fid. & Deposit of Md.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990); *Syncsort Inc. v. Innovative Routines Int'l, Inc.*, Civ. A. No. 04-3623, 2008 WL 11381901, at *3 (D.N.J. July 30, 2008); *see also Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 532 (D.N.J. 1998) ("A party seeking reconsideration must show more than a disagreement with the Court's decision . . . . Nor is a motion for reconsideration properly grounded on a request that a court rethink a decision already made.") (citations omitted). Plaintiffs merely encourage this Court to "analyze the same facts and cases it already considered" to come to a different conclusion. *Tehan v. Disability Mgmt. Servs.*, 11 F. Supp. 2d 542, 549 (D.N.J. 2000). Asking this Court to "rethink" its holding is not an appropriate basis upon which to seek reconsideration. *See Oritani Sav. & Loan Ass'n*, 744 F. Supp. at 1314. In other words, Plaintiffs' attempts to take a second bite at the apple cannot be grounds for granting a motion for reconsideration. *Tischio*, 16 F. Supp. 2d at 533 (D.N.J. 1998) ("A motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple.") (citation omitted); *Dando v. Bimbo Food Bakeries Distribution, LLC*, Civ. A. No. 14-2956, 2017 WL 2861650, at *2 (D.N.J. July 5, 2017).

Accordingly, Plaintiffs' Motion is denied.

**IV.** **CONCLUSION**

For the reasons set forth above, Plaintiffs' Motion for Reconsideration is **DENIED.** An appropriate Order follows.


*/s/ Brian R. Martinotti*
**BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**


Dated: May 7, 2021